UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**         'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Ashley Beagle | Not Present | |

**Proceedings:**  MOTION FOR DEFAULT JUDGMENT (Dkt. 20, filed on August, 18, 2021)

## I.  INTRODUCTION

On March 25, 2021, plaintiff Starr Underwriting Agency, Inc., ("Starr"), brought suit in this Court against defendant S A S Services Group, Inc. ("S A S"). Dkt. 1 ("Compl."). The complaint alleges one claim for breach of contract. Id. at 4.

On April 16, 2021 Starr's process server, Guillermo Verjan, served S A S with the operative complaint and a copy of the summons by personal service to 3600 Lime St., Ste. 626, Riverside, CA 92501. Dkt. 10 ("Proof of Service"). Defendant S A S did not answer nor otherwise respond to plaintiff's complaint. Dkt. 11 at 2.

On May 24, 2021, Starr requested the Clerk of Court to enter default against S A S pursuant to Federal Rule of Civil Procedure 55(a). Fed. R. Civ. P. 55(a). Id. at 2. Pursuant to Starr's request, the Clerk entered default on May 25, 2021. Dkt. 12.

On June 10, 2021, Starr filed a motion for the entry of default judgment by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(b)(1). Fed. R. Civ. P. 55(b)(1). Dkt. 13. The Court denied without prejudice plaintiff's motion for entry of default judgment by the Clerk of Court and directed plaintiff to file a motion for default judgment by the Court and to serve defendant with a copy of that motion. Dkt. 15.

On July 15, 2021, Starr filed a motion for default judgment by the Court. Dkt. 16 ("Mot. for Default Judg."). See Fed. R. Civ. P. 55(b). Starr served S A S with the motion for default judgment on July 12, 2021 by mail. Id. On August 9, 2021, plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                           'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

filed a notice of non-opposition to plaintiff's motion for default judgment by the Court. Dkt. 17 at 2.

On August 18, 2021, Starr withdrew its motion for default judgment as "the [m]otion was inadvertently and erroneously served on the wrong address." Dkt. 18 at 1. On the same day, Starr filed an updated motion for default judgment and served S A S with the motion at the correct address. Dkt. 20 ("Updated Mot. for Default Judg."). On September 3, 2021, Starr filed a notice of non-opposition to the plaintiff's motion for default judgment by the Court. Dkt. 21.

On September 20, 2021, this Court held a hearing.[1] No counsel appeared on record for defendant.

Plaintiff's motion is presently before the Court.

## II.    BACKGROUND

Starr is an insurance agency that acts as the servicer for Pacific Indemnity Company on certain insurance policies. Compl. ¶ 9. Starr is incorporated in the State of New York and is authorized to do business in the State of California. Id. ¶¶ 2, 3. Starr's responsibilities include binding coverage, underwriting and pricing, collecting payments, and overseeing policy audits. Id. ¶ 10.

Starr alleges that S A S is incorporated in the State of California with its principal place of business in El Segundo, California. Id. ¶ 3. Starr alleges that at the request of defendant S A S, Starr issued a workers' compensation policy, ("WC policy"), under policy number 009 9154972, which covered the time period from January 15, 2018 to January 15, 2019. Id. ¶ 11. The WC policy is an insurance contract in which Starr, as the servicer for Pacific Indemnity, provides insurance coverage for S A S in exchange for payment of premiums. Id. ¶ 12.

The initial premium of the WC policy was based on information submitted by defendant S A S regarding its estimated payroll for the effective dates. Id. ¶ 13. Because

---

[1] Counsel for plaintiff advised that she had been in communication with a representative of defendant, who indicated an interest in seeking to resolve this matter, but did not indicate any intention to oppose this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

the initial premium is based on estimated information, the WC policy is subject to change based on an audit of the actual payroll. Id. ¶ 14.

The estimated payroll for the WC policy term was $11,551,500.00. Id. ¶ 16. On July 21, 2019, Starr performed an audit of S A S's books as related to the WC policy. Id. ¶ 17. Based on the results of the audit's findings, Starr revised the audit of the WC policy and determined the actual payroll was $19,683,797.00. Id. ¶¶ 19–20. The difference between the estimated and actual payroll led to an increase in the insurance premium and surcharges of $349,123.00 ($9,689.00 state surcharges plus $339,443.00 premium). Id. ¶ 22. Payment of the revised audit was due no later than October 31, 2020. Updated Mot. for Default Judg. at 2. Defendant has failed to remit payment of the balance owed to plaintiff pursuant to the terms of the WC policy. Id.

### III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 6:11 (The Rutter Group 2015) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005); see also Sony Music Ent. Inc. v. Elias, No. CV03-6387DT(RCX), 2004 WL 141959, at *3 (C.D. Cal. Jan. 20, 2004).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

(7) the strong policy favoring decisions on the merits.  See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); see also Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." See C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

## IV. DISCUSSION

### A. Procedural Requirements

To satisfy the procedural requirements for entry of default judgment, the plaintiff must follow the "requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). In the present case, in connection with its motion for default judgment, Starr submitted a declaration attesting that: (a) on May 25, 2021 the Clerk entered default against defendant S A S after defendant failed to respond to the complaint; (b) defendant is a corporation and is neither an infant nor an incompetent person; (c) S A S is not in military services; and (d) S A S was served by mail with a copy of the Clerk's entry of default and a copy of the updated motion for default judgment on August 18, 2021. See dkt. 20–2 ("Decl. of Ashley Beagle") ¶¶ 1–9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

Accordingly, Starr has satisfied the procedural requirement for entry of default judgment under the Federal and Local Rules, and the Court proceeds to the merits of its motion.

    **B.**    **Application of the Eitel Factors**

        1.    <u>Risk of Prejudice to Plaintiff</u>

The first <u>Eitel</u> factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. <u>PepsiCo, Inc. v. California Sec. Cans</u>, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see also <u>Eitel</u>, 782 F.2d at 1471–72. Here, S A S has not participated in the action to date, and Starr will therefore be prejudiced if default judgment is not entered in its favor. See <u>PepsiCo</u>, 238 F. Supp. 2d at 1175 (finding courts favor entry of default judgment when, absent entry of default judgment, plaintiffs "will likely be without other recourse for recovery").

Accordingly, the first <u>Eitel</u> factor weighs in favor of entering default judgment for Starr.

        2.    <u>Sufficiency of the Complaint and the Likelihood of Success on the Merits</u>

Courts often consider the second and third <u>Eitel</u> factors together. See <u>PepsiCo</u>, 238 F. Supp. 2d at 1175; <u>HTS, Inc. v. Boley</u>, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third <u>Eitel</u> factors assess the substantive merits of the movant's claims and the sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." <u>PepsiCo</u>, 238 F. Supp. 2d at 1177 (quotation marks omitted); see also <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." <u>Cripps v. Life Ins. Co. of N. Am.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992).

To prevail on a claim for breach of contract under California law, a plaintiff must establish: "(1) the existence of the contract, (2) plaintiff's performance or excuse for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff. Oasis W. Realty, LLC v. Goldman, 51 Cal. 4th 811, 821 (2011).

Here, plaintiff sufficiently alleges the elements of a breach of contract claim. First, Starr has attached copies of the WC policy, which serves as the contract between the two parties, in connection with its motion for default judgment. Dkt. 20-3 Exhibit 1 ("Ex. 1"). The WC policy states: "This policy . . . is a contract of insurance between you . . . and us . . . [y]ou will let us examine and audit all your records that relate to this policy" and "[i]nformation developed by audit will be used to determine final premium." Id. at 1, 5. Plaintiff has established the existence of a contract.

Moreover, plaintiff alleges that it has fulfilled its contractual obligations by providing insurance coverage afforded by the WC policy. Compl. at 4. By providing insurance to S A S, plaintiff had demonstrated performance under the contract. Finally, by failing to remit payment of the cost of the final premium based on the results of the audit, defendant has breached the contract. Id. Plaintiff alleges that S A S's breach has caused plaintiff to suffer damages including a balance owed on the WC policy of $349,132.00. Id.

Accordingly, the second and third factors weigh in favor of granting the motion for default judgment.

3.    Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, the Court balances "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see also Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see also Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006) ("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, plaintiff has submitted a declaration in support of its default judgment motion laying out its alleged damages. Starr seeks compensatory damages in the amount

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

of $349,132.00 which includes the total of the additional premiums and surcharges due after the audit of the WC policy ($9,689.00 state surcharges plus $339,443.00 premium). Dkt. 20–3 ("Decl. of John Clemente") ¶ 16. Plaintiff's calculation is a straightforward computation based on the audit invoice. Id. ¶ 22.

Plaintiff also seeks costs incurred in the litigation at the amount of $465.76. Id. ¶ 23. Moreover, plaintiff seeks both prejudgment and post-judgment interest. Updated Mot. for Default Judg. at 2. Plaintiff requests prejudgment interest on the principal amount of the requested default judgment from the date of default at 10 percent per annum. Cal. Civ. Code §§ 3287, 3289(b) ("Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment."). At this rate, the interest accruing on a daily basis is $95.65 based on a 365-day year. Updated Mot. for Default Judg. at 2. Interest from November 1, 2020, the date of default, to August 16, 2021 equals a total of $27,547.95. Id. Plaintiff also request post-judgment interest on the total amount of the default judgment pursuant to 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

The total amount plaintiff seeks to recover is $377,145.62, plus post-judgment interest. The Court observes that the damages alleged by plaintiff are a straightforward computation of damages owed by defendant based on the contract. Therefore, the amount at stake appears appropriate given the nature of the misconduct alleged. See Innovacyn, Inc. v. Atl. Packaging Equip., LLC, No. 518CV01142CASPJWX, 2020 WL 2395599, at 4 (C.D. Cal. May 11, 2020) (finding that $319,500, "although significant" is "reasonably proportionate to the harm caused by defendant's alleged breach" of contract); Zurich Am. Ins. Co. v. Mazar Corp, No. EDCV191670JGBSPX, 2020 WL 6162806, at 3 (C.D. Cal. Aug. 11, 2020) (finding that plaintiff's requested monetary damages of $214,869.72 for unpaid insurance premiums were proportionate to the gravity of defendant's conduct because the damages equaled the amount defendant promised to pay under the [] contract) (internal quotations omitted).

/ / /

/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

Accordingly, the fourth Eitel factor weighs in favor of entry of default judgment.

    4.    <u>Possibility of a Dispute Concerning a Material Fact</u>

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177.

Here, Starr "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" S A S. Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.; see Elektra, 226 F.R.D. at 393.

Accordingly, the fifth factor weights in favor of granting the motion for default judgment.

    5.    <u>Possibility of Excusable Neglect</u>

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see also Eitel, 782 F.2d at 1471–72.

Here, the possibility of excusable neglect is remote. Plaintiff served S A S with the summons and complaint on April 16, 2021. Proof of Service. Starr provided S A S with notice of entry of default on July 12, 2021. Updated Mot. for Default Judg. ¶ 11. Starr also served defendant S A S with the renewed motion for default judgment on August 18, 2021 by mail. Id. S A S has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001).

Accordingly, this factor favors entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

6. Policy Favoring Decisions on the Merits

Under the seventh Eitel factor, the Court takes into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate." Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc., No. S8:17-cv-00770-JLSDFM, 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Thus, S A S's failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible." Id.

Accordingly, this factor does not preclude entry of default judgment.

7. Conclusion Regarding Eitel Factors

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of Starr's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against S A S is appropriate.

**C.   Relief Sought by Plaintiffs**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation marks omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." See Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                                              'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

Here, plaintiff seeks (1) breach of contract damages, (2) recovery of costs, and (3) prejudgment and post-judgment interest on the principal amount of the requested default judgment. Compl. ¶ 22; Updated Mot. for Default Judg. at 2–3.

First, plaintiff's calculation of breach of contract is based on defendant's failure to perform under the WC policy. The additional premiums and surcharges are calculated based on the difference between the estimated payroll for the WC policy term ($11,551,510.00) compared to the actual payroll for the WC policy term as determined by the revised audit ($19,683,797). Compl. ¶¶ 16, 20. Starr alleges the sum of the additional premiums and surcharges equal a total of $349,132.00 ($9,689.00 state surcharges plus $339,443.00 premium). Id. ¶ 22. The Court finds the amount reasonable as it reflects a straightforward calculation of the compensatory damages due to Starr based on S A S's obligations under the contract.

Next, plaintiff seeks recovery of costs of $465.67 "comprising court costs in the amount of $400.00 upon filling the complaint . . . plus $65.67 charged by the process server for serving the summon and complaint." Decl. of Ashley Beagle ¶ 8. Under the local rules, the "'prevailing party' is entitled to costs" including fees for service of process. C.D. Cal. L.R. 54-1. The Court finds the award of $465.67 in costs for these expenses reasonable.

Finally, plaintiff seeks prejudgment and post-judgment interest. Updated Mot. for Default Judg. ¶¶ 8–9. Plaintiff requests prejudgment interest on the principal amount of the requested default judgment from the date of default, November 1, 2020, to the date that a default judgment is entered by the Court at an interest rate of 10 percent per annum. Decl. of John Clemente ¶ 23. Plaintiff is entitled to prejudgment interest on a breach of contract case under Cal. Civ. Code § 3287 ("Every person who is entitled under any judgment to receive damages based upon a cause of action in contract where the claim was unliquidated, may also recover interest thereon from a date prior to the entry of judgment."). Plaintiff calculates that the interest accruing on a daily basis is $95.65. Id. Based on plaintiff's calculation, the interest from November 1, 2020 to August 16, 2021

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-02622-CAS(JPRx) | Date | September 20, 2021 |
|---|---|---|---|
| Title | STARR UNDERWRITING AGENCY, INC. v. S A S SERVICES GROUP, INC. | | |

is $27,547.95. Id. Plaintiff requests an additional $95.65 per day until default judgment is entered. Id. The Court finds this amount is consistent with Cal. Civ. Code § 3287.

Plaintiff also requests post-judgment interest on the total amount of the requested default judgment. Updated Mot. for Default Judg. ¶ 9. "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. the date of the judgment." 28 U.S.C. §1961(a). The Court finds plaintiff's request for post-judgment interest is consistent with 28 U.S. C. §1961.

Plaintiff seeks to recover a total of $377,145.62, including damages, costs, and prejudgment interest as of August 16, 2021. In addition, plaintiff seeks to recover $95.65 per day until default judgment is entered by the Clerk of Court, as well as post-judgement interest.

**V.     CONCLUSION**

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. The Court **ORDERS** that judgment be entered against defendant, and that defendant shall be liable to plaintiff in the amount of $349,132.00 plus $465.67 in costs plus $27,547.95 in prejudgment interest, along with an additional $95.65 per day until default judgement is entered and post-judgment interest.

IT IS SO ORDERED.

|  |  | 00 | : | 04 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |